**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIE CHEN; YAXIAN CHEN; JIAYUN CHEN, | No. 16-72222 |
| Petitioners, | Agency Nos. A205-549-279 |
| | A205-549-280 |
| v. | A205-549-281 |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2026**
Pasadena, California

Before: FORREST, DESAI, and DE ALBA, Circuit Judges.

Petitioners Jie, Yaxian, and Jiayun Chen, natives and citizens of China, seek

review of the Board of Immigration Appeals' (BIA) decision affirming an

Immigration Judge's (IJ) denial of Yaxian's application for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and Convention Against Torture (CAT) relief. The asylum and withholding decisions were both based on the agency's adverse credibility finding as to both Jie and Yaxian. We deny the petition.

While Petitioners challenge both the adverse credibility finding and the IJ's findings on the merits, the BIA only addressed the adverse credibility finding, so our analysis begins and ends there. *Cf. Tekle v. Mukasey*, 533 F.3d 1044, 1056 (9th Cir. 2008). We review the agency's findings for substantial evidence. *Kumar v. Garland*, 18 F.4th 1148, 1152–53 (9th Cir. 2021). "To reverse the BIA, we must determine that the evidence not only *supports* a contrary conclusion, but *compels* it." *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (citation modified). Here, substantial evidence supports the agency's conclusions, which relied on (1) inconsistencies between Jie's two asylum applications, (2) inconsistencies between Jie's and Yaxian's testimony regarding their purpose for leaving China and coming to the United States, and (3) a lack of evidence that Yaxian had an abortion.

Inconsistencies in an application and testimony can support an adverse credibility finding. *Dong v. Garland*, 50 F.4th 1291, 1297 (9th Cir. 2022). All "inconsistencies must be considered in the light of the 'totality of the circumstances, and all relevant factors.'" *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). An IJ cannot rely on "an utterly trivial inconsistency" or wholly ignore a petitioner's explanation for a perceived

inconsistency. *Id.* at 1043–44.

First, the BIA relied on inconsistencies between Jie's two asylum applications. Jie first claimed both that he became a Christian because of the "evil policy of family planning" and that Christianity gave him hope following his wife's abortion, but then stated he became a Christian after becoming disillusioned with Communism. Jie's second application also omitted Yaxian's alleged forced abortion, appearing to contradict his initial application. Further, Jie initially claimed that he lost his job due to the pregnancy, but later stated that he was employed during the relevant period.

Second, the BIA noted that Yaxian and Jie gave inconsistent testimony about their purpose for leaving China and coming to the United States. Yaxian testified they came only for tourism, but Jie testified that it was both for tourism and to flee religious persecution by the Chinese police. And both spouses made statements inconsistent with a tourism purpose. Yaxian testified she did not go sightseeing because she "didn't have the mood," and Jie testified that he did not sightsee because he "didn't have time."

The agency did not err in concluding these inconsistencies support an adverse credibility finding. After the passage of the REAL ID Act, "even minor inconsistencies may have a legitimate impact on a petitioner's credibility." *Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021). And these inconsistencies concern the

16-72222

heart of Petitioners' claims: their basis for requesting relief and their purpose for coming to the United States.[1]

Third, the agency did not err in declining to rely on the medical records as evidence that Yaxian had a forced abortion. While the records are consistent with Yaxian's testimony that she had an abortion, they do not independently establish that fact because they contain only a doctor's notes reciting what Yaxian said about her medical history years after the alleged abortion. The agency was not required to accept Petitioners' view of this evidence. *See Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007) (concluding that agency "did not abuse [its] discretion by failing to interpret the evidence in the manner advocated by [petitioner].").

In sum, substantial evidence supports the agency's adverse-credibility determination, which is dispositive.[2]

---

[1]Petitioners argue that the inconsistencies were insubstantial and cannot serve as the basis for the adverse credibility finding. Petitioners mistakenly rely on pre-REAL ID Act authority. *See Shrestha,* 590 F.3d at 1046. Petitioners also argue that they were not given the opportunity to explain the inconsistencies during the removal proceedings. This argument is unsupported. Both the Government and the IJ offered Petitioners the chance to clarify their statements, which is sufficient. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (en banc).

[2]Petitioners only meaningfully challenge the agency's asylum and withholding determinations. To the extent Petitioners' CAT claim could be supported by evidence other than their statements, Petitioners forfeited any challenge to the agency's separate dispositive finding that Yaxian would not likely be tortured if returned to China. *See Santana-Gonzalez v. Bondi*, 172 F.4th 736, 741–42 (9th Cir. 2026).

16-72222

**PETITION DENIED.**